## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Lawrence Clyde Alexander

February 2, 1993

Case No. (Criminal) 75720

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on Defendant's motion for entry of an order of acquittal or in the alternative for a new trial based on the Commonwealth's failure to provide exculpatory evidence. The Court heard oral argument and took the matter under advisement. For the reasons set forth below, the motion is denied.

In the case at bar, the defendant, Lawrence Clyde Alexander, was accused of robbery and possession of a firearm in the commission of a felony. The jury found Mr. Alexander guilty of robbery and imposed a sentence of eight years imprisonment. The jury found Mr. Alexander not guilty of possession of a firearm in the commission of a felony.

The Commonwealth's theory of the case was that the defendant was one of four co-defendants who attempted a "carjacking." The Commonwealth's main witness, David McCloskey, testified that he and a business associate had dinner together and the other gentleman drove him to his home. As Mr. McCloskey was alighting from the car, two black males approached him. One of the two men went to the driver's side of the car. The other man, Lawrence Alexander, confronted Mr. McCloskey.

Frightened by the defendant's words, Mr. McCloskey handed him the approximately $120.00 he had on his person. The driver of the car drove off with the co-defendant in pursuit on foot. When Mr. Alexander was diverted by the car being driven away, Mr. McCloskey ran from the scene.

At trial, Mr. McCloskey testified that he thought his assailant had a weapon but was unable to identify the weapon produced at trial. Cross-examination by defense counsel elicited some ambivalence by the witness on this point. Mr. McCloskey gave an unequivocal identification of Lawrence Alexander.

Mr. Alexander gave a statement to the police in which he admitted his involvement in the crime but contended that he remained in the car while two other men confronted Mr. McCloskey and the driver of the car. At trial, Mr. Alexander offered an ironclad alibi: that he was in Maryland at the time of the offense. During the examination of the police investigator, defense counsel elicited the fact that the investigator did not personally interview Mr. McCloskey, but rather relied on a statement given by Mr. McCloskey to a uniformed officer at the crime scene. In that report, Mr. McCloskey was unable to state with certainty that the defendant had a gun in his hand when he confronted Mr. McCloskey. This information had not previously been disclosed to the defense. The Court allowed the report to go to the jury.

Defense counsel asserts that the failure of the Commonwealth to divulge this potentially exculpatory evidence entitles Mr. Alexander to entry of an order of acquittal or in the alternative to a new trial. The law on this issue is comparatively clear. Suppression of exculpatory evidence upon request "violates due process where the evidence is material either to guilt or punishment, irrespective of good faith or bad faith of the prosecution." *MacKenzie v. Commonwealth*, 8 Va. App. 236, 243, 380 S.E.2d 173 (1989) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Stover v. Commonwealth*, 211 Va. 789, 795, 180 S.E.2d 504, 509 (1971), *cert. denied*, 412 U.S. 953 (1973)). There is no question but that impeachment evidence falls within this rule, *id.*, as impeachment evidence by definition is exculpatory. *Correll v. Commonwealth*, 232 Va. 454, 465, 352 S.E.2d 352 (1987) (citations omitted); *Robinson v. Commonwealth*, 231 Va. 142, 150, 341 S.E.2d 159 (1986). The question, then, becomes whether the impeachment evidence suppressed was "material" under the law. To satisfy this standard, the evidence must be such that "its suppression undermines confidence in the outcome of the trial," *Correll* at 465 (citations omitted). Retrial is required "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Epperly v. Booker*, 235 Va. 35, 366 S.E.2d

62 (1988) (citing *United States v. Bagley*, 473 U.S. 667, 682 (1985)). The Court finds that there is no such probability in the instant case.

Even if the Commonwealth was derelict in its duty to provide timely exculpatory evidence, this failure had no effect that was detrimental to Mr. Alexander. The alibi Mr. Alexander offered at trial was undermined by Mr. McCloskey's identification and by Mr. Alexander's own statement to the police. This conflict in the evidence was resolved in favor of the prosecution.

Mr. McCloskey's statement to the police officer clearly reflected his inability to state with certainty that the defendant was armed with a firearm at the time he confronted him. The jury resolved this issue in favor of Mr. Alexander. The results of the jury deliberations were not "bizarre," as the defendant claims, but were instead a logical unravelling of conflicting testimony by both Mr. McCloskey and Mr. Alexander.

As the Virginia Court of Appeals ruled in *MacKenzie*, there is no right to an automatic retrial "whenever combing of the prosecutor's files after trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict." *MacKenzie* at 243–44 (citations omitted). In this instance, where the defendant was acquitted of the firearms charge, the evidence at issue was not "material" to the outcome of the trial as required by law.